IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | * | |
| BESSIE THOMASINA HASKINS, | * | Bankruptcy No.: 06-12231-JS |
|     Debtor, | * | |
| * * * * * * * | * * * * * * | |
| JOSEPH J. BELLINGER, Trustee, | * | |
|     Plaintiff, | * | |
| v. | * | Civil No.: WDQ-07-0033 |
| DARRYN SYDNOR, *et al.*, | * | Adversary No.: 06-01673 |
|     Defendants. | * | |
| * * * * * * * | * * * * * * | |

MEMORANDUM OPINION

Joseph J. Bellinger, the appointed trustee in the above-captioned Chapter 7 bankruptcy case, has sued Darryn and Kimberly Sydnor, Stonecreek Funding Corporation ("Stonecreek"), Embassy Mortgage, Inc. ("Embassy"), and Ron Hantz for violations of Maryland's Protection of Homeowners in Foreclosure Act ("PHIFA"), Md. Code Ann., Real Prop. §§ 7-301 to -321.  Pending is Embassy's unopposed "Motion to Modify or Withdraw Reference and/or for Special Designation Pursuant to 28 U.S.C. § 157."  For the following reasons, the motion will be denied.

1

I.  Background

On June 15, 2005, a foreclosure action was filed against the Debtor's real property at 3704 Nauset Place, Randallstown, Maryland.  Compl. ¶ 9.  Bellinger alleges that Embassy and Hantz, while purporting to refinance the Debtor's mortgage, arranged for the sale of her property to the Sydnors, who then rented the property back to the Debtor with the intent of later reselling it to her for a profit, with fees to be earned by Hantz, Embassy, and Stonecreek, the Sydnor's lender.  Compl. ¶¶ 3-8, 10.

On September 15, 2006, Bellinger filed the Complaint, claiming that the Defendants' conduct violated PHIFA, and seeking: (1) a confirmed cancellation of the Sydnor's deed; and (2) a declaration that the Sydnor's lien against the Debtor's property is limited to the amount of debt that was paid off by the Syndors.  Compl. ¶¶ 17-24.

On October 18, 2006, Embassy filed a jury demand (06-01673 Paper No. 8); and, on November 6, it filed the pending motion.

II.  Discussion

A.  The Requested Relief

A motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  Fed. R. Civ. P. 7(b)(1).

The relief sought by Embassy's motion is not clearly stated.

2

By the motion's title, "Motion to Modify or Withdraw Reference and/or for Special Designation Pursuant to 28 U.S.C. § 157," one could infer a request for a special designation of the bankruptcy judge to hold a jury trial or, in the alternative, a motion to withdraw the reference.[1]  Def.'s Mot. 1.  But the motion's four sentences of supporting argument do not mention a withdrawal of the reference.  Embassy merely contends that "[i]t is appropriate to modify the reference and/or specially designate the Bankruptcy Judge to try a jury case."  *Id.* ¶ 3.  The remaining outline asserts without support that: (1) the matter is non-core; (2) Embassy has a right to a jury trial; and (3) Embassy consents to a special designation if the other parties consent.  *Id*. ¶¶ 1, 2, 4.  Embassy then "moves that the reference be modified *and* that if consent is obtained, *that the Bankruptcy Judge be specially designated to conduct a jury trial* and exercise such jurisdiction by the District Court."  Def.'s Mot. 2 (emphasis added).

   Rather than suggesting Embassy's desire for the Court to withdraw the reference, the motion's language and lack of supporting argument indicates only a want for a "modification" of the reference so that the bankruptcy judge may conduct a jury trial with the consent of the parties.  As Embassy's motion does

---

[1] 28 U.S.C. § 157(d) provides in part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

not plainly request a withdrawal of the reference, or adequately show cause for such an exercise of the Court's power, deciding whether to grant such relief would be inappropriate at this time. Accordingly, the Court will only consider Embassy's motion as one to specially designate the bankruptcy judge to conduct a jury trial.

B.  Special Designation

1.  Standard of Review

Generally, a Bankruptcy court is not authorized to conduct a jury trial. *In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir. 1993).  The lone exception is provided by 28 U.S.C. § 157(e):

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e).  Federal Rule of Bankruptcy Procedure 9015 states in part:

> If the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F. R. Civ. P., and the bankruptcy judge has been specially designated to conduct the jury trial, the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule.

Fed. R. Bankr. P. 9015(b).  Local Rule 406.4 states that "[p]ursuant to 28 U.S.C. 157(e), with the consent of the parties,

4

a District Judge may designate a Bankruptcy Judge to conduct a jury trial." D. Md. R. 406.4.  Local Bankruptcy Rule 9015-1 requires that "[a] statement of consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) must be filed before the conclusion of the initial pretrial conference." Bankr. D. Md. R. 9015-1.

2. Analysis

In this case, the pretrial conference was concluded on November 1, 2006, and no statement of the other parties' consent has been filed.  Accordingly, Embassy's motion for a special designation under 28 U.S.C. § 157(e) will be denied.

III. Conclusion

For the reasons stated above, Embassy's motion will be denied.  A separate order follows.


April 2, 2007                              /s/
Date                          William D. Quarles, Jr.
                              United States District Judge

5